| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

| | |
|---|---|
| RAFAELA CUEVAS, | |
|                                   Plaintiff, | ORDER |
|               - versus - | 12-CV-1387 |
| STEVEN SCLAFANI, M.D., LUTHERAN MEDICAL CENTER, and LUTHERAN FAMILY HEALTH CENTERS, | |
|                                 Defendants. | |

JOHN GLEESON, United States District Judge:

        On July 21, 2011, Rafaela Cuevas brought this negligence action in the Supreme Court of the State of New York, Kings County, against Steven Sclafani, M.D., Lutheran Medical Center, and Lutheran Family Health Centers ("LFHC"). The United States was substituted for LFHC as a defendant pursuant to 28 U.S.C. § 2679, and defendants then removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of suits against the United States. Shortly after removal, Cuevas and the United States filed a stipulation of dismissal as against LFHC. Magistrate Judge Pohorelsky then issued a Report and Recommendation ("R&R") suggesting that I dismiss the action for lack of subject matter jurisdiction. The R&R concludes that because the presence of the United States furnished the sole basis for subject matter jurisdiction over this suit, the Court lost jurisdiction when the United States was dismissed as a party. The R&R recommended that I remand the action to state court. The parties have not objected to the R&R.

        Although I reach the same ultimate conclusion as Magistrate Judge Pohorelsky – that the case should be remanded to state court – I find that I retain subject matter jurisdiction to hear the case despite the fact that the United States has been dismissed as a party. Cuevas's

claims against the United States provided a basis for supplemental jurisdiction to hear her other claims, which were part of the same controversy. *See Parker v. Della Rocco*, 252 F.3d 663, 665-66 (2d Cir. 2001). The dismissal of the United States from the action did not affect the Court's supplemental jurisdiction to hear the other claims. *Id.* at 666. However, in light of the early stage of this litigation and the fact that the court lacks original jurisdiction over the remaining claims, I exercise my discretion to remand the action to state court. *See id.* at 666-67; 28 U.S.C. § 1367(c)(3); *see also Dist. of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 132-33 (D.C. Cir. 1985). Accordingly, the Clerk is respectfully directed to remand the case to state court.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 10, 2012
      Brooklyn, New York